IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT CARSWELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO. 5:10-CV-487 (CAR) |
| Warden BARBARA WALRATH, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2241 |
| Respondent. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

**RECOMMENDATION**

Petitioner **ROBERT CARSWELL** filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). On January 31, 2011, the Court granted his motion to proceed *in forma pauperis*.

In keeping with past practice,[1] Carswell's 28 U.S.C. § 2241 petition is far from a model of clarity.[2] Carswell claims that on "August 18, 2010, [he] was illegally arrested . . . by three unidentified males." Carswell states that he is "being illegally held . . . on false charges." (Civ. Doc. 1-1 at 2). He seeks "immediate release . . . from the custody of the Federal Bureau of Prisons." (Civ. Doc. 1-1 at 4).

A review of the record at *USA v. Carswell*, 5:93-CR-25 (HL)[3] sheds some light on Carswell's August 18, 2010 arrest.[4] This record shows that Carswell was found guilty of two counts

---

[1] Not counting this 28 U.S.C. § 2241 action, Carswell has filed approximately 45 civil actions in this Court.

[2] The Court will make reference to the civil docket in *Carswell v. Walrath*, 5:10-CV-487 (CAR) as follows: (Civ. Doc. at __).

[3] The Court will make reference to the docket in *USA v. Carswell*, 5:93-CR-25 (HL) as follows: (CR Doc. at __).

[4] The Court has authority to take judicial notice of its own records. *United States v. Rey*, 811 F.2d 1143, 1147 n.5 (11th Cir. 1987).

of use of the United States Mail Service to mail threatening communications and he was sentenced on March 25, 1994 to 120 total months imprisonment, followed by 36 months supervised release. (CR Doc. at 30). Carswell's supervised release commenced on January 15, 2010. (CR Doc. at 116). A probation warrant was issued on August 16, 2010 and Carswell was arrested on August 18, 2010 pursuant to this warrant. (CR Doc. at 168, 176). The United States Magistrate Judge entered an Order appointing the Federal Defender to represent Carswell. (CR Doc. at 170). On September 17, 2010 an amended Order granting appointed counsel's motion for a psychological/psychiatric evaluation of Carswell was entered. (CR Doc. at 177).

Carswell underwent the evaluation and attended a hearing to determine competency on December 1, 2010. (CR Doc. at 184-86). On December 2, 2010, the United States Magistrate Judge entered a Commitment Order in which he found that Carswell "suffers from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature or consequences of the proceedings against him or to assist properly in his own defense." (CR Doc. at 187). Therefore, Carswell was committed to the custody of the United State Attorney for hospitalization and treatment for his mental condition for a period not to exceed four months. (CR Doc. at 187). Carswell was in custody pursuant to that Order of Commitment when he filed this 28 U.S.C. § 2241 action on December 16, 2010.

Based on a sealed forensic evaluation report from the Federal Medical Center in Butner, North Carolina, the Federal Defender filed a Motion for Early Termination of Probation/Supervised Release. (CR Doc. at 212, 215, 216). The "government [did] not oppose [the] motion." (CR Doc. at 213). On August 24, 2011, the United States Magistrate Judge dismissed the petition for action on supervised release and released Carswell "from custody and returned to supervision pending the resolution of his Motion for Early Termination of Supervised Release." (CR Doc. 216). On August 30, 2011 the Court ordered that Carswell be "released from the remainder of his term of supervised release." (CR Doc. 217).

"'[I]f events that occur subsequent to filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed'." *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Carswell is no longer incarcerated. (CR Doc. 216). Therefore, there is no way for the Court to grant the requested relief of ordering his "immediate release . . . from the custody of the Federal Bureau of Prisons." (Civ. Doc. 1-1 at 4). Since Carswell "has already received the relief that he is seeking from this Court . . . the issue is no longer live and the case is moot." *Gilbertson v. Fisher*, No. 3:09-CV-178, 2010 U.S. Dist. LEXIS 92812 at *9 (N. D. Fla. July 28, 2010). Additionally, Carswell is no longer under any type of supervised release. (Civ. Doc. 217). Thus, there are no restrictions on Carswell's liberty that could be altered if he succeeded in this § 2241 action.

When a habeas petitioner is no longer incarcerated, "some concrete and continuing injury, other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Court will presume "collateral consequences" when the criminal conviction itself is attacked. *Id*. at 8. However, in this case, Carswell is attacking his August 18, 2011 arrest and detention for violating supervised release, not his 1993 criminal conviction.[5] In such a situation, the Court does not presume collateral consequences. *Id*. at 13. Additionally, Carswell has made absolutely no showing of any continuing collateral consequences adequate to meet injury-in-fact requirement of Article III, § 2 of the Constitution.[6] *Id*. at 7.

---

[5] Carswell has attacked his 1993 conviction on numerous occasions in the past and any attack on that conviction now would be untimely and successive. *Carswell v. Modena*, 5:10-CV-333 (HL); *Carswell v. Dodrill*, 5:02-CV-381 (WDO); *Carswell v. Outlaw*, 5:05-CV-338 (WDO); and *Carswell v. O'Brien*, 5:09-CV-287 (CAR).

[6] The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citations and quotations omitted).

Consequently, it is **RECOMMENDED** that this 28 U.S.C. § 2241 petition be **DISMISSED AS MOOT**.

Under 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 16th day of February, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
